# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LILLIAN ANN CRAIG,**

           **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:13-cv-1435-Orl-28DAB**

**MIAMI DADE CLERK OF COURT'S OFFICE,**

           **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　　**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. 8)**
>
> **FILED:**　　　**October 8, 2013**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

      Plaintiff seeks (again) to proceed in this action *in forma pauperis* and moves to reopen her case.  Previously, Plaintiff filed her Complaint, along with a motion to proceed *in forma pauperis*, which was denied and her case was dismissed for lack of subject matter jurisdiction over her claim against the state court clerk for allegedly destroying her file divorce settlement agreement.  Docs. 5, 6. Now, Plaintiff has filed a one-page motion to "reopen" her case and to proceed *in forma pauperis*. Doc. 7, 8.

Upon an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Plaintiff fails to allege a non frivolous cause of action within the limited jurisdiction of the federal court. As the Court previously explained, the Court lacks subject matter jurisdiction because Plaintiff has failed to state a federal claim for relief.

In her Complaint, Plaintiff she stated jurisdiction was based on "28 U.S.C. § 2284 - Three-Judge District Court Requested." Section 2284 relates to cases that by statute require a three-judge panel or challenge the constitutionality of the apportionment of congressional districts, and as such cannot be the basis for Plaintiff's claims. Plaintiff alleged no viable basis for subject matter jurisdiction in this Court. *See* Doc. 4. In the Motion to Reopen Case (Doc. 7), Plaintiff alleges that she is a senior citizen and disabled, on a limited income and living in subsidized HUD Housing. Doc. 7. Plaintiff seeks:

> [R]elief from the court system for some form of compensation for the legal wrong that has been committed against me by the Defendant's negliance [sic]. The Supreme Court of the United States advised Plaintiff to file this case in federal court. The Plaintiff files this motion to reopen the case as Plaintiff was injured by Defendant's wrongful act.

Doc. 7. As the Court previously explained after reviewing Plaintiff's Complaint:

> Plaintiff alleges that the state court clerk in Miami Dade destroyed the property settlement agreement in her divorce case which stated the amount to be paid each month for four children. She states: "The Clerk's Office advised this shouldn't have been destroyed but nothing could be done. Since this document was destroyed the back child support could not be ordered. This is negligence on the part of the Clerk's Office." Doc. 1. As an initial matter, Miami Dade Clerk's Office is located in the Southern District of Florida, not the Middle District of Florida, and this Court lacks jurisdiction on that basis.
>
> Plaintiff fails to identify any basis for *federal court* jurisdiction as to her claim of improper conduct by a state court clerk's records operations. Plaintiff's assertion that only a federal court may hear a civil claim against a government agency is simply

incorrect. Plaintiff has not alleged any federal constitutional or statutory basis for her claim, and this Court has no other authority to hear such claims.

In addition, Plaintiff fails to state a claim because a state court clerk is entitled to immunity when sued for damages involving acts done within his or her official quasi-judicial capacity. *Sirbaugh v. Young*, 25 Fed. Appx. 266, 268 (6th Cir. 2001) (affirming dismissal of claims against state judges and court clerks who declined to waive the appellate filing fee in pro se plaintiff's divorce case). Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune. *Scruggs v. Moellering,* 870 F.2d 376 (7th Cir. 1989). As the actions complained of here are done within the county clerk's official capacity in retaining the court's records as set forth by Florida Statute, the Court Clerk is immune, and the Complaint fails to state a cognizable claim. The action is therefore "frivolous" within the meaning of § 1915(d).

Doc. 4. In addition, as the Court previously noted, because Plaintiff has regular Social Security income (albeit in a small amount), she likely would not qualify financially to proceed in forma pauperis. Doc. 8.

It is respectfully recommended that Plaintiff's Motion to Reopen be **DENIED** and her Application to proceed *in forma pauperis* be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 12, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy